UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 16-mc-0019 (WMW/FLN) |
| Petitioner, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Martin S. Azarian, | |
| Respondent. | |

---

This matter is before the Court on the May 18, 2016 Report and Recommendation ("R&R") of United States Magistrate Judge Franklin L. Noel, (Dkt. 14). The R&R recommends denying Petitioner United States of America's petition to enforce an Internal Revenue Service ("IRS") administrative summons against Respondent Martin S. Azarian. Because the IRS directed its summons to Azarian in his personal capacity, and Azarian lawfully invoked his right against self-incrimination, the Court overrules the United States' objection to the R&R. For the reasons addressed below, the Court adopts the May 18, 2016 R&R.

## BACKGROUND

Azarian is the sole owner of Martin S. Azarian P.A., a Minnesota law firm that is organized as an S-corporation. Because the law firm is organized as an S-corporation, Azarian is personally liable for all tax liability generated by the law firm's income. *See Gitlitz v. Comm'r*, 531 U.S. 206, 209 (2001). On July 13, 2015, the IRS issued an administrative summons ("Summons") directed to "Martin S Azarian" and served it by

hand-delivery to Azarian's spouse at their home.  The Summons was issued to facilitate the IRS's examination of "Martin S. Azarian's income tax liability for tax years 2012 and 2013."  The Summons directed Azarian to appear before an IRS agent for questioning on August 17, 2015 and sought the production of certain documents.  The Summons stated that the IRS sought only "Azarian's personal records" and, to the extent business records are involved, only "the production of internal law office [records] that may reflect Azarian's personal income tax liability."

Although Azarian opted not to appear for questioning, he provided the IRS with documentation he deemed responsive to the Summons.  On March 11, 2016, the United States—on behalf of the IRS—filed a petition to enforce the Summons, along with a motion to show cause why the Summons should not be enforced.[1]  The IRS concedes that Azarian supplied some documents but believes that additional responsive documents exist.  Specifically, the IRS contends that certain produced documents suggest the existence of responsive material that Azarian has not produced.  Azarian attests in a sworn affidavit that he "provided the [IRS] with [his] complete business and personal financial documentation as requested."

On March 21, 2016, Magistrate Judge Noel issued an order to show cause and directed the parties to brief the issue.  Magistrate Judge Noel heard oral argument on the

---

[1]   Although the IRS's petition to enforce the Summons is drafted broadly to seek enforcement of "each and every requirement" of the Summons, the IRS's briefing does not seek to enforce the Summons as it pertains to Azarian's appearance for questioning.  Rather, in its briefing, the IRS expressly seeks only to enforce the Summons as it pertains to "documents the government reasonably believes fall within the foregoing-conclusion exception."

matter on April 29, 2016. Azarian objected to the Summons as too vague to enforce and contended that providing the requested documentation, if it existed at all, would violate his right against self-incrimination as guaranteed by the Fifth Amendment to the United States Constitution. In support of his self-incrimination argument, Azarian cited *United States v. Doe*, 465 U.S. 605 (1984) (affirming district court's finding that the act of producing certain business records would be testimonial and thus could not be compelled without statutory grant of use immunity) and *Fisher v. United States*, 425 U.S. 391 (1976) (explaining that, although the act of production may be testimonial, the right against self-incrimination does not apply when the existence of records is a foregone conclusion or the records have been voluntarily produced to others). The United States responded that (1) the Summons is not vague, (2) Azarian has no reasonable fear of prosecution to warrant invoking the protections of the Fifth Amendment, (3) Azarian waived any right against self-incrimination by selectively producing documents, and (4) Azarian's right against self-incrimination is not implicated because it is a foregone conclusion that the requested records exist.

On May 18, 2016, Magistrate Judge Noel issued an R&R recommending that this Court deny the petition of the United States to enforce the Summons. The R&R's findings include that the IRS directed its Summons to Azarian personally, Azarian attested that he turned over all responsive documents in his possession and—absent immunity—Azarian reasonably fears the prospect of prosecution necessary to invoke his right against self-incrimination. The R&R concludes that the foregone-conclusion exception to the right against self-incrimination does not apply here because "Azarian

3

correctly asserts that the only way for the IRS to know that the underlying documents exist is if he authenticates them through his act of production."

On May 31, 2016, the United States objected to the R&R arguing that the IRS directed its Summons to Azarian's S-corporation and that precedent from the Supreme Court of the United States establishes that a corporate custodian cannot invoke the personal privilege against self-incrimination guaranteed by the Fifth Amendment. *See Braswell v. United States*, 487 U.S. 99 (1988). The United States requests that this Court "order the corporation, Martin S. Azarian PA, to produce the documents, with a clarification that any such production is by a 'corporate agent with possession, custody, or control of corporate records . . . in a representative capacity,' and not by Azarian personally." Azarian counters that the *Braswell* rationale should not apply to the investigation of an S-corporation.

## ANALYSIS

When reviewing a magistrate judge's recommendation on a dispositive motion, a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." LR 72.2(b)(3). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* Ordinarily, the district court relies on the record before the magistrate judge. *Id.*

In order to obtain enforcement of an IRS summons, the IRS must show that (1) the investigation will be conducted for a legitimate purpose, (2) the inquiry may be relevant to that purpose, (3) the summons seeks information that is not already in the IRS's

4

possession, and (4) the IRS has satisfied the administrative steps required by the Internal Revenue Code. *United States v. Powell*, 379 U.S. 48, 57-58 (1964). The IRS may establish a prima facie case for enforcement of an IRS summons by demonstrating, through the affidavit of an IRS agent, good faith compliance with the foregoing summons requirements. *United States v. Norwood*, 420 F.3d 888, 892 (8th Cir. 2005). In this case, the R&R correctly concludes that the IRS made this prima facie showing.

Following this showing by the IRS, the taxpayer bears the burden of demonstrating that the summons was issued for an improper purpose or otherwise abused the judicial process. *Powell*, 379 U.S. at 58. A summons abuses the judicial process if compliance with the summons would violate a taxpayer's constitutional rights. *See id.*; *see also Reisman v. Caplin*, 375 U.S. 440, 449 (1964). The United States contends that Azarian cannot demonstrate that enforcement of the Summons would violate the judicial process because the Summons is directed to Martin S. Azarian P.A. and—under *Braswell*—a corporation and its corporate custodian do not possess a right against self-incrimination.[2]

The United States contends that the IRS directed its Summons to the corporate entity Martin S. Azarian P.A. as demonstrated by the fact that the Summons stated it was "[i]n the matter of Martin S Azarian PA." But this argument only demonstrates that the Summons lacked clarity. The record, taken as a whole, does not support the United States' contention. The IRS investigation in this matter is focused on Azarian's personal

---

[2] Azarian suggests that the United States raises this argument for the first time before this Court in its objection to the R&R. However, the record demonstrates that the parties discussed *Braswell* at the April 29, 2016 hearing before Magistrate Judge Noel.

5

income tax liability.  The IRS issued only one Summons and directed it, on its face, to "Martin S Azarian."  The IRS then served its Summons by hand-delivery to Azarian's spouse at Azarian's personal residence, not at his business address.  The record does not support the United States' contention that the IRS directed its summons to Martin S. Azarian P.A. as a corporate entity.

Azarian produced documents in response to the summons and has signed an affidavit attesting that he produced all records, including business records, in his personal possession.  After the IRS requested additional documents, Azarian asserted his personal right against self-incrimination as guaranteed by the Fifth Amendment.  It is undisputed that the right against self-incrimination "can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against disclosures which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used."  *Kastigar v. United States*, 406 U.S. 441, 444-45 (1972).[3]

In its objection to the R&R, the United States requests that this Court "order the corporation, Martin S. Azarian PA, to produce the documents, with a clarification that any such production is by a 'corporate agent with possession, custody, or control of corporate records . . . in a representative capacity,' and not by Azarian personally."  But the United States provides no legal authority for the Court, a neutral adjudicator, to

---

[3]  Because Magistrate Judge Noel correctly determined that the foregone-conclusion exception does not apply in these circumstances, and the United States has not objected to that determination, the Court adopts that aspect of the R&R as well.

*redirect* the issued Summons. And this Court is unaware of any. Azarian, the party to whom the IRS directed it Summons, has already responded. The United States presents no legal authority for the proposition that a single summons, issued to an individual who responded in his personal capacity, can somehow be interpreted as a *second* summons issued to a corporate entity for specified corporate records.[4] Such an action by this Court would greatly expand, rather than permissibly narrow or clarify, an issued summons. *See Norwood*, 420 F.3d at 895.

---

[4] The United States' objection states that "under well-established Eighth Circuit precedent, if a summons is directed to a corporate entity, it is irrelevant whether the summons is directed to the corporate entity or, as here, a person individually." Not only does the United States fail to cite to any authority for this principle, but the assertion itself is inapposite. This is not a circumstance in which the IRS directed its summons to a corporate entity. Rather, the United States suggests that a single summons can compel a recipient to respond in his or her personal capacity *and*, after that response is received, that summons can transform into one directed to that same individual in his or her capacity as the records custodian of a corporate entity and compel an additional response.

**ORDER**

Based on the Report and Recommendation of Magistrate Judge Noel, the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The objection of the United States to Magistrate Judge Noel's R&R, (Dkt. 15), is **OVERRULED**;

2. Magistrate Judge Noel's R&R, (Dkt. 14), is **ADOPTED**; and

3. The petition of the United States to enforce its internal revenue summons, (Dkt. 1), is **DENIED**.

Dated:  August 16, 2016  /s Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge